## MAZZELLA et al. v. YOKE.

### Civ. No. 693.

District Court, S. D. West Virginia.

Feb. 6, 1947.

Ashworth and Sanders and Joseph Luchini, all of Beckley, W. Va. (C. C. Sanders, of Beckley, W. Va., of counsel), for plaintiffs.

Leslie E. Given, U. S. Atty., of Charleston, W. Va., Sewall Key, Acting Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to the Atty. Gen., for defendant.

MOORE, District Judge.

The complaint sets forth the following facts: That plaintiffs have been assessed for certain cabaret taxes pursuant to Title 26 U.S.C.A. Int.Rev.Code, § 1700(e) and distraint is now being threatened upon property belonging to plaintiff Chiara Mazzella; that the property involved is a two-story frame building, consisting of dwelling quarters and a large storeroom; that during the latter part of 1942, plaintiffs occupied the living quarters, and shortly thereafter, Chiara Mazzella leased the storeroom to John Dicicuccio who, after obtaining the necessary license, began the operation of a beer parlor in the storeroom; that Dicicuccio continued the business until July, 1946, during which time plaintiffs were in no way interested in the enterprise as partners; and that plaintiff Nancy Mazzella was employed by Dicicuccio the greater part of said time, but the merchandise used in the business was purchased and paid for by Dicicuccio, who made and filed all tax returns.

The complaint further charges that the defendant erroneously, arbitrarily, and ca-

priciously assessed the cabaret taxes against the plaintiffs; that the plaintiffs were under no duty to collect the taxes, nor have they in fact collected them; that to compel payment by distraint would take away the life earnings of plaintiffs, destroy their means of livelihood and leave them without a place to live; that plaintiff Luigi Mazzella is physically disabled to such an extent that he is no longer able to follow his occupation as a coal loader and is now operating a business in the storeroom which supplies his only income for the support of his family; and that if defendant is permitted to pursue his present course, plaintiffs will be irreparably injured without adequate remedy at law.

Defendant has moved the Court to dismiss the complaint for lack of jurisdiction and to dissolve a temporary restraining order which the Court has entered. The allegations in the complaint for the purpose of decision on this motion must be taken as true. Midwest Haulers, Inc., et al. v. Brady, 6 Cir., 1942, 128 F.2d 496.

The internal revenue statutes have made express provision for enforcement of liability in cases where the tax is collected by one person from another person, primarily liable for the tax.

Sec. 3661. Enforcement of Liability for Taxes Collected: "Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose." 26 U.S.C.A. Int.Rev.Code, § 3661.

It is to be noted that the complaint avers that plaintiffs were not required to collect any tax and that no collection was in fact ever made by them. Although this factor creates serious doubt as to the applicability of the above statute, the Court will assume, for the purpose of decision, that the statute does cover the situation involved here.

Defendant contends that the Court is without jurisdiction to enjoin the collection of this tax because of the following statute:

Sec. 3653. "Prohibition of suits to restrain assessment or collection

"(a) Tax. Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. Int.Rev. Code, § 3653.

This is a wise and essential provision, necessary to facilitate the collection of taxes and provide revenue to carry on governmental functions, and it is merely an enactment of the practice followed prior to its existence.

Although the terms of the statute are explicit and appear to prohibit restraint in every case, the courts have not been prone to exclude from relief every possible situation, but have created well recognized exceptions. Relief has been granted in those cases in which exceptional and extraordinary circumstances make the legal remedy clearly inadequate; also where the tax partakes of the nature of a penalty. Miller. v. Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, 1932; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448, 1938; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822, 1922; Hirst v. Gentsch, 6 Cir., 1943, 133 F.2d 247; Midwest Haulers, Inc., et al. v. Brady, supra; Burke v. Mingori, 10 Cir., 1942, 128 F.2d 996, certiorari denied, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533.

Circumstances which create an exceptional and extraordinary situation are not susceptible of exact definition; hence any attempt to devise a formula of universal application would be futile. In order to give the Court jurisdiction, the plaintiff must make out a case of gross and indisputable oppression, without adequate remedy at law. Concentrate Mfg. Corp. v. Higgins, 2 Cir., 1937, 90 F.2d 439, certiorari denied 302 U.S. 714, 58 S.Ct. 33, 82 L.Ed. 551. The case of Burke v. Mingori, supra, relied upon by defendant, does not hold the statutory inhibition absolute, but is simply a case in which the facts alleged

in the complaint did not present a situation requiring equitable cognizance. The allegations in the instant case differ substantially from those in the Mingori case. Plaintiff Luigi Mazzella, it is alleged, is physically unable to follow his occupation or otherwise to provide for his family; consequently, loss of the property would leave plaintiffs homeless, destroy their business and leave them without any means of support. "The fact that the collection of a tax would prove to be arbitrary and oppressive, destroy the business of the taxpayer, ruin it financially, and inflict loss for which it would have no remedy at law, was held to indicate circumstances so extraordinary and exceptional as to give jurisdictional sanction to an application for injunction restraining the collection of the tax." Hirst v. Gentsch, supra [133 F.2d 248].

In the case of Allen v. Regents, supra, respondent sought to enjoin the collection of admission taxes imposed on certain athletic contests. The taxing statute required the person receiving payments for admissions to collect the tax and to make return in such form as the Commissioner prescribed by regulation. Every ticket sold carried the following printed notice:

"The University of Georgia (or Georgia School of Technology) being an instrumentality of the government of the State of Georgia, contends that it is not liable for any admission tax. The amount stated as a tax is so stated because the University is required to do so by Treasury regulations pending a decision as to its liability in this respect. This amount is collected by the University as a part of the admission and will be retained as such unless it is finally determined that the University is itself liable for the tax."

In view of this notice, respondent contended that no tax was in fact ever collected.

In at least one important respect the circumstances are analogous to those in the instant case. Both cases involve situations in which the party seeking relief was allegedly required to collect the tax from others. In this connection the Court said, "The statute is inapplicable in exceptional cases where there is no plain, adequate, and complete remedy at law. This is such a case, for here the assessment is not of a tax payable by respondent but of a penalty for failure to collect it from another." [304 U.S. 439, 58 S.Ct. 984]

It is urged by defendant that the cases relied upon by plaintiffs are not in point here, because they involve taxes of a different nature. I do not agree with this contention. It is immaterial what kind of tax is in question. The principle of equitable relief in exceptional and extraordinary circumstances remains the same. If such circumstances exist, the remedy is given; otherwise, it is denied by the statute.

■ The complaint in this case alleges facts bringing plaintiffs' action within the scope of recognized equitable jurisdiction. Therefore, defendant's motion to dismiss the complaint and to dissolve the temporary restraining order for lack of jurisdiction is denied.