# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0889** (Randolph County 13-F-71)

**Loren Garcia,**
**Defendant Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Loren Garcia, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's September 14, 2016, order denying her motion to correct an allegedly illegal sentence. Respondent State of West Virginia, by counsel Sarah B. Massey, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

In 2013, petitioner was indicted on one count of child abuse resulting in bodily injury, one count of conspiracy, and one count of child neglect resulting in bodily injury. In April of 2014, petitioner entered into a plea agreement whereby she pled guilty to one count of child neglect resulting in bodily injury, in violation of West Virginia Code § 61-8D-4(a), in exchange for the dismissal of the other two charges. The factual basis for petitioner's guilty plea was that she allowed her husband to hit their children. The circuit court sentenced petitioner to one to three years of incarceration, required her to register with the child abuse registry, and imposed ten years of extended supervised release under West Virginia Code § 62-12-26.

Petitioner was discharged from incarceration and began reporting to an intensive supervision officer as part of her extended supervision. In March of 2016, petitioner was arrested on robbery and related charges, prompting the State to seek revocation of her supervised release. Following an evidentiary hearing on the State's motion, the circuit court found petitioner to be in violation of the terms of her supervised release and sentenced her to serve three years of incarceration, followed by thirty years of extended intensive supervision under West Virginia Code § 62-12-26.

Petitioner filed a motion under Rule 35(a) of the West Virginia Rules of Criminal Procedure,[1] arguing that "modification of her sentence to include a 30 year period of supervised release, and the associated exposure to three decades of incarceration . . . is in violation of [her] substantive due process rights under both the United States and West Virginia Constitutions." Petitioner contended that the enhanced deprivation of her liberty interest violated substantive due process because, as a non-sexual offender, the extended supervision does not bear a reasonable relationship to a proper legislative purpose and is arbitrary. Following a hearing, the circuit court denied petitioner's motion by order entered on September 14, 2016, ruling that West Virginia Code § 62-12-26 was unambiguous and that "the legislature was specific and protection of children in our state is a compelling state interest." This appeal followed.

**Discussion**

This Court has articulated the following standard of review for the denial of a Rule 35 motion:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head,* 198 W. Va. 298, 480 S.E.2d 507 (1996). Additionally, we have held:

> 1.    The constitutionality of a statute is a question of law which this Court reviews *de novo.*

> 2.    "In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt." Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer,* 149 W.Va. 740, 143 S.E.2d 351 (1965).

Syl. Pts. 1 and 2, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008). With these standards in mind, we turn to petitioner's sole assignment of error.

---

[1] Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

Petitioner argues that the imposition of supervised release under West Virginia Code § 62-12-26 for a non-sexual offender violates the substantive due process guarantees under the West Virginia and United States Constitutions. West Virginia Code § 62-12-26, entitled, "Extended supervision for certain sex offenders; sentencing; conditions; supervision provisions; supervision fee," provides, in part, as follows:

(a) Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or eight-d of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]

(b) Any person required to be on supervised release between the minimum term of ten years and life pursuant to the provisos of subsection (a) of this section also shall be further prohibited from:

(1) Establishing a residence or accepting employment within one thousand feet of a school or child care facility or within one thousand feet of the residence of a victim or victims of any sexually violent offenses for which the person was convicted;

(2) Loitering within one thousand feet of a school or child care facility or within one thousand feet of the residence of a victim or victims of any sexually violent offenses for which the person was convicted[;]

(3) Establishing a residence or any other living accommodation in a household in which a child under sixteen resides if the person has been convicted of a sexually violent offense against a child, unless the person is one of the following:

(i)      The child's parent;
(ii)     The child's grandparent; or
(iii)    The child's stepparent and the person was the stepparent of the child prior to being convicted of a sexually violent offense, the person's parental rights to any children in the home have not been terminated, the child is not a victim of a sexually violent offense perpetrated by the person, and the court determines that the person is not likely to cause harm to the child or children with whom such person will reside: *Provided,* That nothing in this subsection shall preclude a court from imposing residency or employment restrictions as a condition of supervised release on defendants other than those subject to the provision of this subsection.

Petitioner acknowledges that a person convicted of violating West Virginia Code § 61-8D-4 is required to serve a period of supervised release under the plain language of the

3

supervised release statute even though the crime may not be sexual in nature. Indeed, this Court has recently ruled that the supervised release statute applies to non-sexual crimes. *See State v. Billy W.,* No. 16-0345, 2017 WL 383781 (W.Va. Jan. 27, 2017) (memorandum decision); *State v. Ferguson*, No. 14-0474, 2015 WL 508172 (W.Va. Feb. 6, 2015) (memorandum decision). Thus, in the present case, the statute clearly and unambiguously applies to the non-sexual crime for which petitioner was convicted. Additionally, this Court has upheld the statute when challenged as a violation of procedural due process, cruel and unusual punishment, double jeopardy, and retroactive application. *See State v. Deel,* 237 W. Va. 600, 788 S.E.2d 741 (2016); *State v. Hargus,* 232 W. Va. 735, 753 S.E.2d 893 (2013); *State v. James,* 227 W. Va.407, 710 S.E.2d 98 (2011).

In the present case, petitioner argues that the statute, when applied to a non-sexual offense, violates her substantive due process rights. This Court has held that

> [t]he United States Supreme Court has interpreted "'the Fifth and Fourteenth Amendments' guarantee of 'due process of law' to include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores,* 507 U.S. 292, 301–02, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1, 16 (1993) (citations omitted).

*Sale ex rel. Sale v. Goldman*, 208 W. Va. 186, 194, 539 S.E.2d 446, 454 (2000). We have further held as follows:

> Inherent in the due process clause of the State Constitution are both the concept of substantive due process and the concept of equal protection of the laws. In order for the statutory scheme . . . to withstand constitutional scrutiny under the substantive due process standard, it must appear that the means chosen by the Legislature to achieve a proper legislative purpose bear a rational relationship to that purpose and are not arbitrary or discriminatory.

*State ex rel. Harris v. Calendine,* 160 W. Va. 172, 179, 233 S.E.2d 318, 324 (1977) (footnotes omitted).

Petitioner does not clearly indicate, much less persuade us, that imposition of extended supervised release on a non-sexual offender infringes a fundamental right, and, therefore, must withstand strict scrutiny analysis. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)(stating that the Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests."). She also fails to clearly indicate that the statute lacks a rational basis.[2] Rather than provide this Court with a thorough

---

[2] Without clearly indicating the standard under which we should examine the statute, petitioner simply argues that "the circumstances under which it is applied demonstrate that the application of this law to non-sexual offenders is both arbitrary, and not narrowly tailored to accomplish a legitimate legislative purpose." In any event, we affirm the denial of petitioner's

4

constitutional argument, petitioner rests her appeal on two main points: (1) the title of the statute states that it applies to sex offenders only, and (2) the statute contains provisions that are "purposeless" in the context of non-sexual offenders.

Upon our review, neither of petitioner's points have merit. First, petitioner's claim that the title of the statute demonstrates its arbitrariness fails. This Court has previously acknowledged as follows:

> You can look to the title of the statute to ascertain intent, *City of Huntington v. State Water Comm.*, 135 W. Va. 568, 64 S.E.2d 225 (1951), but the title can not [sic] limit the plain meaning of the text, *Mazzella v. Yoke*, 70 F.Supp. 462 (S.D.W.Va. 1947). Don't confuse the title with chapter, article and section headings which cannot be used to ascertain intent, *W. Va. Code*, 2-2-12 [1965].

*Virginia Elec. & Power Co. v. Pub. Serv. Comm'n of W.Va.*, 162 W.Va. 202, 206, n.2, 248 S.E.2d 322, 325 n.2 (1978). Indeed, West Virginia Code § 2-2-12 provides, in part, that

> [c]hapter, article or section headings, headlines or headnotes of any act of the Legislature, whether in the act at the time of passage or inserted by the clerk of the House of Delegates in editing, compiling and publishing the acts of the Legislature, are hereby declared to be mere catchwords and shall not be deemed or construed to be titles of such chapters, articles or sections, or as any part thereof, or as indicating or expressing legislative intent or purpose.

Thus, the fact that the title of the statute references only "sex offenders" does not cause this Court to ignore the plain language of the statute, which clearly provides that extended supervised release applies also to non-sexual crimes, such as the crime for which petitioner was convicted and sentenced.

Petitioner's second argument focuses on four subsections within the statute that petitioner asserts are purposeless when applied to non-sexual offenders. First, subsection (b)(1) prohibits an individual on supervised release from "[e]stablishing a residence or accepting employment within one thousand feet of a school or child care facility or within one thousand feet of the residence of a victim or victims of any sexually violent offenses for which the person was convicted[.]" Similarly, subsection (b)(2) prohibits "[l]oitering within one thousand feet of a school or child care facility or within one thousand feet of the residence of a victim or victims of any sexually violent offenses for which the person was convicted[.]" Subsection (b)(3) prohibits an individual under supervised release, with certain exceptions, from "[e]stablishing a residence or any other living accommodation in a household in which a child under sixteen resides if the person has been convicted of a sexually violent offense against a child[.]" Finally, petitioner points to subsection (e), which provides, in part, as follows:

---

Rule 35(a) motion in the present case without expressly addressing the constitutionality of the statute under substantive due process principles. See Discussion, *infra.*

5

A defendant sentenced to a period of supervised release shall be subject to any or all of the conditions applicable to a person placed upon probation pursuant to the provisions of section nine of this article: *Provided,* That any defendant sentenced to a period of supervised release pursuant to this section shall be required to participate in appropriate offender treatment programs or counseling during the period of supervised release unless the court deems the offender treatment programs or counseling to no longer be appropriate or necessary and makes express findings in support thereof.

W.Va. Code § 62-12-26.

Petitioner contends that these subsections have no application to non-sexual offenders. Based on a plain reading of the statute, we disagree. First, the application of subsections (b)(1) and (b)(2) is not limited to sexual offenders; the plain language clearly indicates a prohibition against residing, working, or loitering near a school or daycare, regardless of whether the individual on supervised release has been convicted of a sex crime. We are hard-pressed to find such a restriction to be arbitrary when imposed on a person convicted of a crime covered by the statute, as is the case here. Next, subsection (b)(3) contains an express exception stating that the prohibition applies only if the "person has been convicted of a sexually violent offense against a child[,]" which would not affect petitioner. Finally, as for subsection (e), we find nothing in this subsection that is purposeless when applied to individuals convicted of non-sex crimes. Indeed, the statute makes clear that individuals on supervised release are required to participate in "offender treatment programs or counseling," which clearly is not limited to treatment or counseling for sex offenders. Simply put, we do not find it "purposeless" to require an individual such as petitioner to attend treatment or counseling as part of supervised release. In any event, subsection (e) goes on to expressly permit the sentencing court to lift the condition if treatment and counseling are not "appropriate or necessary." Accordingly, under the limited circumstances of this case, and based upon the specific arguments presented by petitioner on appeal, we find no error in the circuit court's denial of petitioner's Rule 35(a) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker