# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0921** (Mingo County S06-F-86)

**Richard Winning,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Winning, by counsel Robert H. Carlton, appeals the Circuit Court of Mingo County's September 18, 2017, order revoking his supervised release and imposing a sentence of twenty years of incarceration. The State of West Virginia, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. On appeal, petitioner argues that his sentence upon revocation of his supervised release is disproportionate, violates prohibitions against ex post facto laws, and was impermissible given his prior probation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2006, petitioner entered into a plea agreement under which he agreed to plead guilty, by way of information, to one count of sexual abuse by a custodian. Pursuant to the plea agreement, petitioner faced a sentence of ten to twenty years of incarceration and was informed that the State would recommend he be required to "serve a period of supervised release of fifty (50) years upon the expiration of his sentence pursuant to West Virginia Code § 62-12-16(a)." The plea agreement also indicated that petitioner understood he would be required to register as a sex offender. After accepting petitioner's plea, the circuit court sentenced petitioner to a term of incarceration of ten to twenty years and imposed a fifty-year term of supervised release.

Petitioner completed his term of incarceration and began his fifty-year term of supervised release in July of 2015. Thereafter, petitioner committed multiple violations of his supervised release. In response to these violations, petitioner was sentenced to serve at least one year in a

1

correctional facility in December of 2015,[1] after which his fifty-year term of supervised release was reinstated.

As it relates to the current appeal, the most recent petition to revoke petitioner's supervised release was filed in February of 2017. In regard to this petition, the State alleged petitioner assaulted his partner by breaking his jaw and strangling him, an offense for which he was arrested;[2] possessed a cell phone without prior permission; refused to provide the password to his illicit cellphone; violated his curfew by leaving his residence at approximately 1:15 a.m. on January 14, 2017; refused to attend sex offender therapy; and did not report an intimate relationship to his probation officer.

In August of 2017, the circuit court held a hearing on the State's petition. Prior to the hearing, petitioner and the State entered into an agreement under which he would admit to the violations as alleged in the petition to revoke his supervised release and the State would recommend imposition of a sentence of only twenty years, as opposed to the fifty years of incarceration to which petitioner was exposed. As such, petitioner admitted to the violations during the hearing and the State recommended a sentence consistent with the agreement. The circuit court ultimately imposed a sentence of twenty years for petitioner's violations of the terms of his supervised release. It is from the circuit court's order revoking his supervised release and imposing sentence that petitioner appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Petitioner first argues on appeal that his sentence is unconstitutionally disproportionate.[3] Petitioner contends that his twenty-year sentence is disproportionate because it has no relationship to the offense committed in violation of his supervised release. Petitioner also argues that his twenty-year sentence is disproportionate, given that he already served ten years of incarceration for his underlying conviction of sexual abuse by a custodian, a crime that is punishable by a term of incarceration of ten to twenty years. *See*

---

[1] It is unclear from the record whether petitioner served the entirety of this sentence or if the same was suspended in favor of returning petitioner to supervised release. What is clear from the record, however, is that upon his release for any violations of the terms of his supervised release, petitioner was "reinstated to extended supervised release" per the circuit court's orders.

[2] It appears from the record that petitioner was arrested on charges of malicious assault and strangulation, although the resolution of these charges is unclear. According to petitioner, the charges were "ultimately reduced to a misdemeanor."

[3] "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

W.Va. Code § 61-8D-5(a) (providing that defendants guilty of sexual abuse by a custodian "shall be imprisoned in a correctional facility not less than ten nor more than twenty years"). Upon our review, we find that petitioner is entitled to no relief in this regard.

"A criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution." *Vance*, 164 W.Va. at 217, 262 S.E.2d at 425, Syl. Pt. 7. There are two tests for determining whether a sentence is so disproportionate to the crime that it violates article III, section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Adams*, 211 W.Va. 231, 233, 565 S.E.2d 353, 355 (2002) (citation omitted). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, Syl. Pt. 2, in part.

West Virginia Code § 62-12-26(a), governing supervised release for certain sex offenders, provides that

> [n]otwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or eight-d of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]

We have previously explained that, "[f]undamentally, the statute provides that a court impose a period of extended supervision as part of the criminal sentence for certain specified offenses, and sets forth the manner in which the supervision is to be administered and enforced." *James*, 227 W.Va. at 414, 710 S.E.2d at 105.

Moreover, "a court may modify, terminate or revoke any term of supervised release imposed[.]" W.Va. Code § 62-12-26(a). Specifically, a court may

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

3

*Id.* § 62-12-26(g)(3).

We find that petitioner's post-revocation sentence does not violate our constitutional proportionality principle. In *State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013), we held that a five-year post-revocation sentence did not violate our constitutional proportionality principle under the subjective test. In that case, Mr. Hargus served an initial two-year sentence for possessing material depicting minors engaged in sexually explicit conduct. *Id.* at 743, 753 S.E.2d at 901. Mr. Hargus was then placed on supervised release, which he violated by failing to register as a sex offender as required. *Id.* As a result, he was sentenced to a post-revocation period of incarceration of five years. *Id.* In challenging this sentence on proportionality grounds, Mr. Hargus argued, among other things, that his supervised release was revoked "based solely on a technical violation of a condition of supervised release." *Id.* at 744, 753 S.E.2d at 902. We upheld the five-year sentence despite Mr. Hargus's argument that his violation of supervised release was only "technical" because his violation "indicate[d] a pattern of dishonesty." *Id.*

Here, petitioner's acts in violation of his supervised release involved violence against his partner and resulted in the victim's jaw being broken in two places. Further, the record shows petitioner's blatant disregard for the terms of his supervised release, as he not only possessed an illicit cellphone, but further refused to unlock the phone for law enforcement upon its discovery. Moreover, we upheld the five-year sentence in *Hargus* after Mr. Hargus's first supervised release violation. *Id.* at 743, 753 S.E.2d at 901. Petitioner, however, has violated the terms and conditions of his supervised release on several occasions, including one instance that resulted in a sentence of one year in a correctional facility. Specifically, in ruling on the current revocation, the circuit court found that petitioner's "supervised release was revoked and reinstated on several occasions for violations of supervised release," thus establishing a pattern of dishonesty on petitioner's part. Due to the seriousness of petitioner's actions in violating his supervised release and where we have previously determined that a five-year post-revocation sentence following a first violation does not violate the proportionality principle, we find that petitioner's post-revocation sentence does not shock the conscience of the court and society.

Additionally, we note that petitioner has failed to meaningfully address the objective proportionality test. Although petitioner argues that the punishment for the crime he committed in violation of his supervised release was only up to one year of confinement, he has failed to offer analysis of the nature of his underlying offense of sexual abuse by a custodian, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, or a comparison of the punishment for sexual abuse by a custodian with other offenses within the same jurisdiction.[4] Thus, petitioner has failed to

---

[4]"[A] post-revocation sanction simply is a continuation of the legal consequences of a defendant's original crime. In other words, it is part of a single sentencing scheme arising from the defendant's original conviction." *Hargus*, 232 W.Va. at 743, 753 S.E.2d at 901. Thus, petitioner's argument that the imposition of a twenty-year sentence upon revocation of his supervised release must have a relationship to the severity of any additional criminal charges stemming from the act that constituted the violation of his supervised release, even if those

(continued . . .)

4

establish that his sentence is disproportionate under the objective test. *See Hargus*, 232 W.Va. at 744, 753 S.E.2d at 902 ("Second, this Court finds that Mr. Hargus's post-revocation sanctions do not violate the objective test for constitutional disproportionality. In sum, Mr. Hargus has failed to specifically address how the nature of the offense, the legislative purpose behind the punishment, and a comparison with other offenses within the same jurisdiction compel[] the finding that his post-revocation sanctions violate our constitution's proportionality principle."); *see also State, Dep't of Health & Human Res. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim[.]").

Petitioner also argues that he "served his 10-year . . . sentence and therefore any period of extended supervision should also be reduced by a concomitant reduction in the time of his extended supervision." To the extent that petitioner is arguing that his term of supervised release or the sentence imposed upon his repeated violations of the same should be reduced by the amount of time he served prior to being placed on supervised release, we find petitioner has cited no authority that would require such a credit. On the contrary, while petitioner's underlying sentence under West Virginia Code § 61-8D-5(a) and the subsequent imposition of supervised release under West Virginia Code § 62-12-26(a) are "part of a single sentencing scheme arising from the defendant's original conviction[,]" the circuit court's original sentencing order specifically directed that petitioner "shall be supervised for fifty (50) years upon his release from the West Virginia Department of Corrections." *Hargus*, 232 W.Va. at 743, 753 S.E.2d at 901. Clearly, he is not entitled to credit for time served on his sentence for supervised release for time served prior to its imposition. Further, to the extent that petitioner argues that "[t]ime in jail awaiting a resolution of the revocation should be included in the computation" of his sentence, we note that the circuit court's order revoking his supervised release and imposing the twenty-year sentence ordered that petitioner "shall be given credit for eight hundred fifty[-]four (854) days for time served in the Southwestern Regional Jail and the Department of Corrections." Accordingly, it appears from the record that petitioner was awarded all credit for time served to which he was entitled.

In support of this assignment of error, petitioner also raises a jurisdictional argument in which he alleges that the information to which he originally pled did not include an allegation that the offense was committed "after the implementation of the 50[-]year extended supervision statutes in 2006." According to petitioner, the circuit court's application of a term of fifty years

---

charges are wholly unrelated to the current proceeding on appeal, is without merit. Here, petitioner seeks to impose upon the circuit court a duty to consider the potential sentence he faced for the charges that resulted from his assault on his partner. The record shows that those charges are entirely unrelated to this matter, as they were prosecuted in the Circuit Court of Kanawha County and had no relation to petitioner's conviction for sexual abuse by a custodian. For this reason, we decline petitioner's request to find error in the circuit court's alleged failure to consider the potential penalty for any criminal conduct that is unrelated to this particular criminal proceeding, notwithstanding the fact that his criminal liability may have arisen from acts that formed the basis for the revocation of his supervised release.

of supervised release is, thus, a violation of protections against ex post facto laws. We find petitioner is entitled to no relief in this regard.

Essentially, petitioner argues that because the information did not allege a crime committed subsequent to the 2006 enactment of West Virginia Code § 62-12-26, application of that statute by imposition of a fifty-year term of supervised release constitutes an impermissible ex post facto application of that statute. However, petitioner admits that the information at issue included an alleged offense date of sometime between March of 2005 and May of 2005. What petitioner fails to acknowledge is that the version of the supervised release statute in effect at the time of that offense also included the following language:

> any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or eight-d of said chapter may, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years.

*Id*. § 62-12-26(a)(2003). Accordingly, it is clear that the circuit court had the authority to impose a period of supervised release of up to fifty years following petitioner's conviction.[5]

Finally, petitioner argues that imposition of a twenty-year sentence was not permitted, given that the circuit court's prior sentence of one year for a violation of supervised release was "subsequently probated" and he was "returned to probation." Based on this assertion, petitioner argues that this "is the sentence to which [he] must be reinstated upon violation of probation." Petitioner argues that the circuit court instead "decided to sentence [him] under the extended supervised probation statute . . . and not for a violation of the one-year probationary period implemented by the court at the last revocation hearing." Simply put, petitioner's argument has no basis in fact or law and he cites to no authority that prevented the circuit court from imposing the sentence at issue.

Petitioner's argument appears to stem from the circuit court's September 30, 2016, "Probation Reinstatement Order" wherein the circuit court ruled on issues arising from petitioner's violation of certain rules and regulations related to his release. In that order, the circuit court noted that, following petitioner's sentence of one year in a correctional facility for violation of his supervised release, he was "reinstated to extended supervised release for a period of fifty (50) years" in January of 2016. In making its ruling concerning the allegations in

---

[5]In support of his argument, petitioner relies upon our prior holding in *State v. Deel*, 237 W.Va. 600, 788 S.E.2d 741 (2016). In *Deel*, we found error in a circuit court's imposition of a term of supervised release for a crime that was committed in 2001, prior to the first enactment of the supervised release statute at issue. *Id*. at 605, 788 S.E.2d at 746. This case is wholly inapplicable to petitioner's appeal, given the fact that petitioner committed the crime in question at a time when West Virginia Code § 62-12-26 was in effect and permitted the imposition of a term of supervised release of up to fifty years, as explained above.

September of 2016, the circuit court explicitly stated that "it is hereby ORDERED as follows: (1) [petitioner] was reinstated to extended supervised release with all prior terms and conditions." As such, despite the circuit court's apparent interchangeable use of the terms "probation" and "supervised release," is it clear that petitioner was reinstated to supervised release following his most recent violation of the terms and conditions thereof immediately prior to the violations giving rise to this appeal. Accordingly, any argument that petitioner was placed on probation and, thus, could only be sentenced to the remaining balance of the underlying one-year term of incarceration is without a basis in fact.

Moreover, as addressed above, upon a violation of the terms of supervised release, a circuit court may

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

*Id*. § 62-12-26(g)(3). Accordingly, it is clear that the circuit court had the authority to impose the sentence at issue, and we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice Tim Armstead

Justice Allen H. Loughry II suspended and therefore not participating.