## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard F.,**
**Petitioner Below, Petitioner**

**v.) No. 23-207** (Marion County CC-24-2020-C-73)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Richard F. appeals the Circuit Court of Marion County's October 21, 2022, order denying his petition for a writ of habeas corpus.[1] The petitioner argues that his petition was erroneously denied because the amended indictment in his criminal case should have been resubmitted to the grand jury. He further argues that the circuit court erred in refusing to remove the term of supervised release from his sentence, by failing to enforce plea offers, and by failing to find ineffective assistance of counsel related to those plea offers. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was charged with five counts of sexual abuse by a parent, guardian, or custodian occurring between August 15, 2000, and July 1, 2002. The State extended two pre-indictment plea offers to the petitioner in 2013 ("2013 plea offers"), but he failed to accept them prior to presentation of his case to the grand jury. The State extended a post-indictment plea offer on August 13, 2014, "contingent upon the approval of law enforcement and the victim . . . [and] also contingent upon the acceptance by close of business on August 19, 2014" ("2014 plea offer"). On March 17, 2015, the State and the petitioner, with counsel, appeared before the circuit court for entry of an agreed order amending the offense date range on each count of the indictment from August 15, 2000, through July 1, 2002, to January 1, 2003, through March 14, 2006.

---

[1] Petitioner is represented by counsel Jason T. Gain. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Additionally, the Court has automatically substituted the name of the current Superintendent of Mt. Olive Correctional Complex as the respondent. *See* W. Va. R. App. P. 41(c). We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In January 2016, the petitioner filed a motion to enforce the 2014 plea offer. During a hearing on the motion, defense counsel stated that he thought he had told the prosecutor that the petitioner would accept the offer. He wouldn't "swear to it . . . [but] that seemed to be the recollection – my recollection." Counsel further stated that "to the extent that anybody didn't timely accept it, it would not be [the petitioner's] fault. It would be my fault and not his fault." During his argument to the court, counsel also recalled that the victim had expressed dissatisfaction with the 2014 plea offer during a pre-trial status conference. The State responded to the petitioner's motion by stating that the written offer had expired prior to any communication from defense counsel; and, although there had been negotiations after expiration of the 2014 plea offer, the parties never reached an agreement. The circuit court denied the petitioner's motion to enforce, finding that the petitioner had not accepted the 2014 offer by the designated deadline, that the petitioner made a "counteroffer [that] served as a rejection of the State's original plea offer," and that there was no meeting of the minds sufficient to create an enforceable agreement.

The case proceeded to a jury trial on April 1, 2016, and the petitioner was found guilty of two counts of sexual abuse by a parent, guardian, or custodian.[2] The circuit court sentenced the petitioner to not less than ten nor more than twenty years on each count, to run consecutively. The circuit court also sentenced the petitioner to twenty-five years of supervised release after his imprisonment in accordance with West Virginia Code § 62-12-26.[3]

The petitioner filed a petition for a writ of habeas corpus in the circuit court alleging, in relevant part, error in the court's failure to enforce the 2014 plea agreement, improper amendment of the indictment, and ineffective assistance of counsel. An omnibus evidentiary hearing was held on the petition. The State's witnesses indicated that the 2013 plea offers had not been accepted prior to indictment, and that the victim actively disagreed with the terms of the 2014 plea offer. The petitioner testified that he told his attorney that he wanted to accept the offer after receipt of the October 2013 offer letter and that he had not received a copy of the 2014 offer letter until "three days after the expiration," but he had still told his attorney that he would accept that offer. The petitioner also testified to his recollections of a pre-trial meeting he attended at the law library along with his attorney, the prosecutor, and the victim. The petitioner stated that he had been uncertain about the purpose of the meeting but speculated that "maybe a plea" was being discussed "trying to get the victim to agree," and that his lawyer had told him, "[The victim]'s not budging, she's not doing this . . . she's standing strong, standing firm." Petitioner's trial counsel testified that the petitioner had not communicated his acceptance of the plea offers and stated that "at no

---

[2] The petitioner's convictions were affirmed by this Court. *See State v. Richard F.*, No. 18-0666, 2020 WL 201172 (W. Va. Jan. 13, 2020) (memorandum decision).

[3] West Virginia Code § 62-12-26(a) provides, in relevant part, that

any defendant convicted after the effective date of this section of a violation of § 61-8-12 of this code or a felony violation of the provisions of § 61-8B-1 *et seq.*, § 61-8C-1 *et seq.*, and § 61-8D-1 *et seq.*, of this code shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to 50 years[.]

point in time, on October 24[, 2013,] or August 13[, 2014,] or September 30[, 2013], do I believe [the petitioner] ever told me '[Y]es, I will accept that plea,' because he was always saying 'I didn't do anything.'" On October 21, 2022, the circuit court issued an order denying the petitioner's petition for a writ of habeas corpus. The petitioner now appeals.

Upon review of an order denying habeas relief, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The petitioner first asserts that modification of the offense dates in the indictment resulted in a substantial change to the indictment that should have been presented to a grand jury because the change invoked the provisions of the extended supervision statute, West Virginia Code § 62-12-26. He argues that the failure to re-present the matter to the grand jury violated his constitutional right to have "any fact . . . that increases the maximum penalty for a crime . . . charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). He alleges error in the circuit court's finding that the amendment to the indictment was not substantial.

We have held that "[a]n indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment." Syl. Pt. 2, in part, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995). An amendment "which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." *Id.* at 279, 456 S.E.2d. at 6, Syl. Pt. 3, in part. In the present case, the petitioner appeared before the circuit court more than a full year before his trial, with defense counsel, for entry of an agreed order to amend the indictment dates. Accordingly, in the circumstances of this case, the petitioner was provided ample notice of the amendments to the indictment, and the amendment does not constitute prejudice. *Id.* at 282, 456 S.E.2d at 9 ("Prejudice largely means surprise, i.e., lack of adequate notice."). The modification of the indictment was sufficiently definite as it was limited to an amendment of the offense date range of sexual offense charges. Further, this Court has "made it clear that time is not an element of sexually based offenses, and therefore need not be specified in the indictment or proved at trial." *Frank A. v. Ames*, 246 W. Va. 145, 170, 866 S.E.2d 210, 235 (2021) (citation omitted). Contrary to the petitioner's assertions, the amendment of the indictment did not violate constitutional requirements by increasing his burden of proof through the addition of new factual elements of the charged offenses. *See State v. James*, 227 W. Va. 407, 418, 710 S.E.2d 98, 109 (2011) (finding West Virginia Code § 62-12-26 does not violate *Apprendi* principles because, to impose a sentence of supervised release, "a court need make no additional findings beyond the indisputable fact that a conviction for one of the designated offenses has occurred. As such, there is no new factual issue for a jury to decide."). Therefore, we find no error in the circuit court's conclusion that the amendment of the date range within the petitioner's indictment was not a substantial change.

The petitioner next alleges that the habeas circuit court should have removed the supervised release requirement because, according to the petitioner, it violates the constitutional prohibition

against ex post facto application of law. The petitioner states that the jury instructions specified an offense date range of "on, about, or between" January 1, 2003, and March 14, 2006, and he contends that it was feasible the jury could have concluded *all* of his misconduct occurred before the June 2003 effective date of the extended supervision statute.[4] This Court has stated that "[u]nder *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. Pt. 1, *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885 (1980). "Whether on direct appeal or in a habeas corpus proceeding, the inquiry on this issue is whether the evidence *presented at trial* establishes, or even supports a reasonable inference, that the offenses were committed after the effective date of the statute." *Frank A.*, 246 W. Va. at 179, 866 S.E.2d at 244; *see also State v. Deel*, 237 W. Va. 600, 608, 788 S.E.2d 741, 749 (2016) ("For purposes of assessing constitutional rights under the ex post facto clause of any penal statute intended to punish a person, the triggering date is the date of the offense."). In *Frank A.*, we examined the trial transcripts provided in the appellate record to determine if any inference could be drawn from the evidence that the offenses were committed after the effective date of the supervised release statute. However, we are unable to undertake such a review in this case because the record does not contain the trial transcripts. This deficiency accrues to the detriment of the petitioner as, "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Inasmuch as the petitioner has not developed a record supporting his ex post facto allegation of error, the circuit court order stands unassailed, and we can find no error. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994). ("[We]take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim.").

Next, the petitioner argues that the circuit court erred in denying his request to enforce the plea offers extended by the State.[5] As evidenced by his testimony at the habeas hearing, the petitioner contends that he communicated acceptance of the 2014 plea offer to his attorney, yet trial counsel testified that he had received no such communications from the petitioner. The court determined that no effective offer and acceptance had been made, and declined to enforce the 2014 plea offer. There is no dispute in the record that the 2014 plea offer expired without an agreement between the parties. We find that the circuit court properly concluded that there was no meeting of the minds sufficient to constitute an enforceable agreement. The petitioner has failed to

---

[4] West Virginia Code § 62-12-26 was enacted March 8, 2003, and went into effect 90 days later.

[5] In this case, the record does not show that the petitioner ever sought specific enforcement of the pre-indictment 2013 plea offers in the circuit court, and we decline to consider that argument for the first time on appeal. *See State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996) (issues not preserved at trial are generally waived for purposes of appeal). Nonetheless, it is undisputed that acceptance of those offers was not communicated to the State prior to the petitioner's indictment.

demonstrate that the circuit court issued clearly erroneous rulings concerning the enforcement of the 2014 plea offer, and we find no error.

Finally, the petitioner contends that the circuit court wrongly rejected his claim of ineffective assistance of counsel stemming from his trial counsel's failure to timely relay the petitioner's acceptance of the 2013 and 2014 plea offers, and his trial counsel's failure to timely communicate the terms of the 2014 offer to him. He argues that his case would have been resolved through a plea agreement, and he would have had a shorter sentence, had his attorney promptly informed the State of his acceptance of the offers.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

A plea agreement "is subject to principles of contract law insofar as its application insures a defendant receives that to which he is reasonably entitled." *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 192, 465 S.E.2d 185, 192 (1995). The petitioner testified at the habeas hearing that he had communicated his acceptance of the 2013 offer to his attorney, yet his attorney testified that he had received no such directive. In its ruling, the circuit court noted this conflict in testimony and found counsel's "testimony persuasive and credible in that [the petitioner] never conveyed to him that he would accept the October 24th [2013] plea offer." We find that the circuit court properly exercised its discretion in weighing the credibility of the witnesses' testimony, and we find no error in its ruling.

The circuit court went on to conclude that trial counsel's statements at the hearing to enforce the 2014 plea offer, that "to the extent that anybody didn't timely accept [the 2014 offer], it would not be [the petitioner's] fault. It would be my fault and not his fault," supported the petitioner's contention that counsel's professional conduct was deficient under an objective standard of reasonableness. Nonetheless, the court found no reasonable probability that the outcome would have been different because the 2014 offer had been expressly conditioned on law enforcement's and the victim's agreement to its terms, and no such agreement was attained. The circuit court's finding is supported by the evidence from the plea enforcement hearing that showed the prosecutor and defense counsel both recalled that the victim was not in agreement with the terms of the 2014 plea. Additionally, the petitioner's own testimony at the habeas hearing, about the events that transpired during the pre-trial status conference at the law library, confirms that the victim objected to the terms of the 2014 plea offer. Under the facts of this case, the petitioner has failed to show that that he is entitled to relief on the basis of ineffective assistance of counsel. Therefore, we find no error in the circuit court's denial of the petitioner's claim.

For the foregoing reasons, we find no error and affirm the circuit court's October 21, 2022, order denying the petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 11, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooten
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**DISSENTING:**

Justice Charles S. Trump IV


Trump, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.