**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**vs.) No. 20-0009** (Mingo County J10-F-37)

**Johnny Ray D.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny Ray D., by counsel Mark Hobbs, appeals the December 9, 2019, order of the Circuit Court of Mingo County revoking petitioner's supervised release and imposing a term of twenty years of incarceration.[1] Respondent State of West Virginia, by counsel Lara K. Bisset, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2010, petitioner was indicted in the Circuit Court of Mingo County on one count of incest, one count of second-degree sexual assault, and one count of sexual abuse by a parent. The indictment alleged that petitioner sexually assaulted his minor daughter in June of 2009. In March of 2010, petitioner and the State reached a plea agreement wherein petitioner agreed to plead guilty to incest in exchange for the State's dismissal of the remaining counts of the indictment. The plea agreement provided that "[t]he State will recommend that [petitioner] be sentenced to five (5) to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

fifteen (15) years [of incarceration]" and "be required to serve a period of supervised release up to fifty (50) years upon the expiration of the respective sentences [sic] pursuant to West Virginia Code § [62-12-26]." Petitioner further agreed that, "by entering his plea, he will be subject to the provisions of the sexual offender registration act[, West Virginia Code §§ 15-12-1 through 15-12-10]." Following the circuit court's acceptance of petitioner's guilty plea, by order entered on May 19, 2010, the court sentenced petitioner to five to fifteen years of incarceration for incest with 101 days of credit for time served. The circuit court further imposed fifty years of supervised release following the expiration of petitioner's sentence, ordered petitioner to comply with the sexual offender registration act, and made a specific finding that petitioner was "an abusive parent within the meaning of [the Child Welfare Act, West Virginia Code §§ 49-1-1 through 49-11-10]."[2]

Upon the expiration of petitioner's sentence, by order entered on May 18, 2016, the circuit court placed petitioner on his term of fifty years of supervised release, noting that petitioner signed the terms and conditions of supervised release on May 17, 2016, and "agree[d] to comply with said terms and conditions." In October of 2019, the State filed a petition to revoke petitioner's supervised release, alleging that petitioner violated several of its terms and conditions. While the circuit court was scheduled to hold the revocation hearing on October 15, 2019, petitioner requested that the hearing be continued, which request the circuit court granted. At the conclusion of the October 15, 2019, hearing, the circuit court directed petitioner's counsel to "talk to" petitioner about the disrespectful looks petitioner was "giving [the court]."

At the October 29, 2019, revocation hearing, the State introduced several exhibits in support of the petition, and both parties presented testimony from numerous witnesses, including petitioner's probation officer and the woman who was dating petitioner at that time. Following the revocation hearing, by order entered on December 9, 2019, the circuit court found that, by clear and convincing evidence, petitioner violated the following terms and conditions of his supervised release: (1) being charged with domestic battery in the Magistrate Court of Wayne County in June of 2019, in violation of term forty;[3] (2) "engag[ing] in a dating, intimate[,] and sexual relationship with a person who has children under the age of eighteen," in violation of term thirty-six; (3) being present at the Hatfield-McCoy Bowling Alley in Mingo County on October 1, 2019, "at a time

---

[2]The Child Welfare Act is now codified at West Virginia Code §§ 49-1-101 through 49-9-110.

[3]Term forty of petitioner's supervised release required petitioner "not [to] engage in behavior that threatens yourself and/or others or that could result in your incarceration." In Wayne County Magistrate Case No. 19-M50M-00590, petitioner was convicted of domestic battery and sentenced to eight months of incarceration "consecutive with any other . . . sentence . . . that he is currently serving." Petitioner's appeal from his domestic battery conviction is pending in Supreme Court No. 21-0228; we take judicial notice of the record in that case. Petitioner's domestic battery conviction resulted from an incident between petitioner and his former wife—not the woman he was dating.

2

when children were present," in violation of terms thirty, thirty-one, and thirty-two;[4] (4) failing to give truthful answers when questioned by probation officers on October 1, 2019, when located at the bowling alley, in violation of terms three and six;[5] and (5) failing to give his cell phone to the probation officers on October 1, 2019, when requested to do so, in violation of terms forty-six and forty-eight.[6] Accordingly, the circuit court revoked petitioner's supervised release and sentenced him to twenty years of incarceration.

Petitioner now appeals the circuit court's December 9, 2019, sentencing order. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). West Virginia Code § 62-12-26(h)(3) provides that the circuit court may

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court . . . finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release.

---

[4]Term thirty of petitioner's supervised release provided that he may "not be present at nor enter within two blocks of any park, school, playground, swimming pool, daycare center, or other specific locations where children are known to congregate," unless his probation officer approved of the same. Term thirty-one further provided that petitioner may not participate in "youth groups, Boy Scouts, Girl Scouts, Cub Scouts, Brownies, 4-H, YMCA, youth sports teams, baby[-]sitting, volunteer work, or any activity [his] probation officer deem[ed] inappropriate." Finally, term 32 required petitioner to "report any incidental contact with person(s) under the age of eighteen (18) to [his] probation officer within twenty-four (24) hours."

[5]Term three of petitioner's supervised release provided, in pertinent part, that petitioner "shall answer truthfully any and all inquiries made of [petitioner] by the probation officer and/or staff[.]" Term six further required petitioner to "comply with the rules and regulations prescribed by this [c]ourt for [petitioner's] supervision by the probation officer and follow all directives given to [him] by the . . . officer."

[6]Term forty-six of petitioner's supervised release provided that petitioner was "responsible for all data, material, images[,] and information used or accessed through any computer, digital, or electronic device, or removable media within [petitioner's] residence." Term forty-eight further required petitioner to "permit . . . [the] seizure of any personal . . . computers, related components, peripherals, data storages devices, digital or electronic devices, removable media[,] or any object that may appear to be related to the function of a computer." Petitioner notes that his probation officer seized his cell phone at the October 29, 2019, revocation hearing.

3

On appeal, petitioner argues that the revocation of his supervised release violated the ex post facto clauses of the United States and West Virginia Constitutions because the terms and conditions imposed pursuant to the current version of the supervised release statute, West Virginia Code § 62-12-26, could not have been imposed under the version of West Virginia Code § 62-12-26 in effect at the time of petitioner's offense in 2009.[7] The State counters that this Court should decline to review this issue pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure which provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). More specifically, the State argues that "[p]etitioner does not specify which terms and conditions of his supervised release he believes violate[d] the ex post facto clause." In petitioner's reply, he counters that "it is [p]*etitioner's belief* [that] *most* of the punitive terms and conditions . . . [p]etitioner allegedly violated . . . were promulgated after [p]etitioner's crime in 2009[.]" (emphasis added). We do not review an issue based upon a litigant's "belief"—but upon proper argument supported by citation to both the record and pertinent legal authority. Therefore, pursuant to Rule 10(c)(7), we decline to review this issue as not supported by proper argument.

Petitioner further argues that the circuit court's imposition of twenty years of incarceration for the multiple violations of his supervised release was unconstitutionally disproportionate given the facts and circumstances of his case. We note that, pursuant to West Virginia Code § 62-12-26(h)(3), the circuit court found that all of the violations were established by clear and convincing evidence. Furthermore, West Virginia Code § 62-12-26(h)(3) permitted the circuit court to "require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release[.]" Accordingly, we find that, in imposing a twenty-year term of incarceration, the circuit court acted within the limits set forth in West Virginia Code § 62-12-26(h)(3).

In Syllabus Points 3 and 4 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), we held:

"Article III, Section 5 of the West Virginia Constitution, which contains the

---

[7]Article I, section 10 of the United States Constitution provides, in pertinent part, that "[n]o State shall . . . pass any . . . ex post facto [l]aw." Article III, section 4 of the West Virginia Constitution similarly provides that "[n]o . . . ex post facto law . . . shall be passed." In *State v. Deel*, 237 W. Va. 600, 788 S.E.2d 741 (2016), we found that "West Virginia Code § 62-12-26 is punitive, not regulatory and, consequently, ex post facto principles may be implicated under the application of the supervised release statute to the facts of any given case." *Id.* at 608, 788 S.E.2d at 749.

4

cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.

Here, the circuit court did not impose a life recidivist sentence and, by not requiring petitioner to serve more than the period of his supervised release, did not impose a term of incarceration beyond the maximum set by West Virginia Code § 62-12-26(h)(3). Therefore, pursuant to Syllabus Point 4 of *Wanstreet*, we decline to conduct a constitutional proportionality analysis of the circuit court's imposition of a twenty-year term of incarceration due to petitioner's multiple violations of the terms and conditions of his supervised release. *See also* Syl. Pt. 4, *Goodnight*, 169 W. Va. at 366, 287 S.E.2d 505 (holding, in pertinent part, that "[s]entences imposed by the trial court, if within statutory limits . . ., are not subject to appellate review").

Finally, petitioner argues that the circuit court's direction to his counsel at the October 15, 2019, hearing to "talk to" petitioner about the disrespectful looks petitioner was "giving [the court]" showed the court's bias against him. The State counters that petitioner's argument is without merit. We agree with the State as we have found that "the trial court has broad discretion to regulate any conduct which interferes with orderly procedure or courtroom decorum." *State v. Hanna*, 180 W. Va. 598, 602 n.3, 378 S.E.2d 640, 644 n.3 (1989). Based on our review of the October 15, 2019, hearing transcript, we find that the circuit court was properly regulating conduct that did not comport with appropriate courtroom decorum. Therefore, we reject this assignment of error as without merit. Accordingly, we find no error in the circuit court's December 9, 2019, sentencing order.

For the foregoing reasons, we affirm the circuit court's December 9, 2019, sentencing order.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton